THE HONORABLE JOHN C. COUGHENOUR

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

UNITED STATES OF AMERICA,

                    Plaintiff,

     v.

JOSHUA THOMAS BALES,

                    Defendant.

CASE NO. CR20-0090-JCC

ORDER

This matter comes before the Court on Defendant Joshua Thomas Bales's motion to revoke United States Magistrate Judge Michelle L. Peterson's order detaining Mr. Bales before trial (Dkt. No. 68) and the Government's motion to file an overlength brief (Dkt. No. 70). Having thoroughly considered the parties' briefing and the relevant record, the Court finds oral argument unnecessary and hereby GRANTS the motions for the reasons explained herein.

## I.    BACKGROUND

On June 24, 2020, the Government filed a complaint charging Mr. Bales with one count of cyberstalking in violation of 18 U.S.C. § 2261(A)(2)(A)–(B) and five counts of making interstate threats in violation of 18 U.S.C. § 875(c). (Dkt. No. 1.) According to the Government, Mr. Bales and the alleged victim, X.C., met in China when X.C.'s family hired Mr. Bales as her English tutor. Mr. Bales and X.C. dated, and after X.C. ended the relationship and moved to Australia, Mr. Bales began sending her harassing and threatening emails. (*Id.*)

Mr. Bales was arrested in Seattle on June 25, 2020. (Dkt. No. 11.) Judge Peterson ordered Mr. Bales released with special conditions, including that Mr. Bales submit to drug and alcohol testing, surrender his passports and travel documents, undergo a mental health examination and recommended treatment, and notify his employer of the pending charges. (Dkt. No. 9.) The special conditions also prohibited Mr. Bales from traveling outside the Western District of Washington and from possessing a computer without prior approval from Pretrial Services. (*Id.*) On July 24, 2020, a federal grand jury indicted Mr. Bales on the charged offenses. (Dkt. No. 15.)

In September 2020, Mr. Bales obtained an approved smartphone. (Dkt. No. 26 at 1.) In mid-October, Pretrial Services discovered an unauthorized laptop in Mr. Bales's possession while they were monitoring his approved smartphone. (*Id.*) According to the violation report, Mr. Bales was forthcoming when confronted and immediately surrendered the device the next day. (*Id.* at 2.) The Government moved to revoke Mr. Bales's appearance bond for his possession of the unauthorized computer, (Dkt. No. 27), and Mr. Bales admitted the violation, (Dkt. Nos. 29, 31 at 2). The Government expressed concerns because X.C. had received additional threatening communications beginning in August 2020 and ending near the time Pretrial Services confronted Mr. Bales about the computer. (Dkt. No. 27 at 2.) Judge Peterson issued a detention order based on the admitted violation and a finding that no condition or combination of conditions would reasonably assure the safety of X.C. or the community. (Dkt. No. 31 at 3.)

On November 3, 2020, Judge Peterson held a status conference to determine if continued detention was warranted. (Dkt. No. 33.) The Government had not yet been able to ascertain the source of the recent communications to X.C. and had obtained a search warrant for Bales's unauthorized laptop but had not yet searched it. (Dkt. No. 34 at 4.) The Government noted the communications X.C. received from August to October were not entirely consistent with earlier communications known to be from Mr. Bales because they were in Mandarin and not English, but, based on summary translations (the Government had not yet obtained verbatim translations), the Government concluded they had similar themes and patterns. (*Id.* at 5–8.) Judge Peterson

1    concluded that continued detention was warranted based on probable cause to believe Mr. Bales

2    was behind the recent communications, the § 3142(g) factors, and a finding that Mr. Bales was

3    unlikely to abide by the conditions set forth to assure the safety of X.C. and the community. (*Id.*

4    at 19.)

5    In November 2020, Mr. Bales moved to reopen the detention hearing based on new

6    evidence of a harassing email X.C.'s mother received in November while Bales was incarcerated

7    and could not have sent any communications. (Dkt. No. 37.) The Government also informed the

8    Court that Mr. Bales's unauthorized computer had been reset to factory conditions before it was

9    returned to Pretrial Services. (*See* Dkt. No. 42.) After a hearing on December 1, 2020, Judge

10   Peterson ordered release, finding that Mr. Bales was likely to abide by the conditions of his

11   release going forward. (Dkt. Nos. 45, 46, 69 at 24–25.)

12   Mr. Bales was released that evening, and before he entered his apartment, he contacted

13   Pretrial Services through counsel to inform them that there was another unauthorized computer

14   and hard drive in his apartment. (Dkt. Nos. 50, 51.) Mr. Bales followed instructions not to enter

15   his apartment, stayed at a hotel, and then surrendered the devices, at which time he was arrested.

16   (*See* Dkt. No. 51.) At a hearing on December 15, 2020, Mr. Bales admitted he had possessed the

17   additional unauthorized devices in violation of his June 25, 2020 appearance bond. (Dkt. No. 69

18   at 7.) He addressed the Court, apologized for not being forthcoming, and promised to abide by

19   all conditions set by the Court. (*Id.* at 23.) Judge Peterson, at the request of the Government

20   jointed by Pretrial Services, ordered Mr. Bales detained, finding that he had not been

21   forthcoming about his additional violation of the June 25, 2020 appearance bond and was

22   unlikely to abide by conditions of release. (Dkt. No. 69 at 26.)

23   Mr. Bales now moves for review and revocation of Judge Peterson's December 15, 2020

24   detention order. (Dkt. No. 68.) The Court held a status conference on February 3, 2020 and in an

25   oral ruling, ordered Mr. Bales's release on bond and referred the matter to the Magistrate Judge

26   to address conditions of the bond. (Dkt. No. 78.) This order sets forth the Court's reasons for

1  ordering release, imposes conditions of release, and terminates the referral to the Magistrate

2  Judge.

3  **II.    DISCUSSION**

4         The Court reviews a magistrate judge's order detaining a defendant before trial *de novo*.

5  *United States v. Koenig*, 912 F.2d 1190, 1193 (9th Cir. 1990). The Court "is not required to start

6  over in every case[] and proceed as if the [magistrate judge's] decision and findings did not

7  exist." *Id*. at 1193. Instead, the court should "review the evidence before the magistrate and make

8  its own independent determination whether the magistrate's findings are correct, with no

9  deference." *Id*.

10        A defendant may be detained before trial only if "no condition or combination of

11  conditions will reasonably assure the [defendant's] appearance . . . and the safety of any other

12  person and the community." 18 U.S.C. § 3142(e)(1). The Government bears the burden of

13  proving by a preponderance of the evidence that no conditions will reasonably assure the

14  defendant's appearance and by clear and convincing evidence that no conditions will reasonably

15  assure the safety of the community. *United States v. Motamedi*, 767 F.2d 1403, 1406 (9th Cir.

16  1985). When analyzing whether conditions can reasonably assure the defendant's appearance

17  and the safety of the community, the Court must consider (1) the nature and circumstances of the

18  offense charged, (2) the weight of the evidence, (3) the history and characteristics of the

19  defendant, and (4) the danger the defendant would pose to the community if released. 18 U.S.C.

20  § 3142(g).

21        The requirements for detaining a person who has violated the terms of an appearance

22  bond are set forth in 18 U.S.C. § 3148(b). That provision provides, in relevant part, that a judicial

23  officer shall revoke an appearance bond if, after a hearing, the judicial officer:

24                     (1) finds that there is— . . . .

25                     (B) clear and convincing evidence that the person
26                     has violated any other condition of release; and

ORDER
CR20-0090-JCC
PAGE - 4

(2) finds that—

 (A) based on the factors set forth in section 3142(g) of this title, there is no condition or combination of conditions of release that will assure that the person will not flee or pose a danger to the safety of any other person or the community; or

 (B) the person is unlikely to abide by any condition or combination of conditions of release.

18 U.S.C. § 3148(b). Only in rare circumstances should release be denied, and doubts regarding the propriety of release should be resolved in the defendant's favor. *United States v. Gebro*, 948 F.2d 1118, 1121 (9th Cir. 1991).

There is no dispute that Mr. Bales violated the conditions of his June 25, 2020 appearance bond by possessing unauthorized electronic devices. Mr. Bales and the Government disagree about whether there are conditions of release that can reasonably assure the safety of X.C. and the community and whether Mr. Bales is likely to abide by the conditions of release. (*Compare* Dkt. No. 68 *with* Dkt. No. 71 at 11–13.) The Court addresses these issues in turn.

 1. <u>Conditions of Release</u>

After careful consideration of the 18 U.S.C. § 3142(g) factors, the Court concludes that the combination of conditions in Mr. Bales's release bond dated December 1, 2020 (Dkt. No. 46) can reasonably assure the safety of X.C. and the community. These special conditions require, among other things, that Mr. Bales submit to drug and alcohol testing, surrender his current and expired passports and travel documents, and follow all recommended mental health treatment. The special conditions also prohibit Mr. Bales from possessing firearms and dangerous weapons, traveling outside the Western District of Washington, or possessing a computer without prior approval from Pretrial Services.

Although the nature and circumstances of the offense are no doubt serious, and the weight of the evidence is strong, these release conditions can reasonably assure the safety of X.C. and the community. The Government alleges that Mr. Bales has sent persistent harassing

emails and social media communications to X.C. threatening to destroy her life and to kill or seriously injure her. (Dkt. No. 15.) According to an affidavit of probable cause, when interviewed by F.B.I Agents in December 2019 and confronted with the communications, Mr. Bales admitted to having had a traumatic breakup with X.C. that caused him to do things he should not have done. (Dkt. No. 1 at 8–9.) While highly concerning, these allegations are limited to Mr. Bales's use of electronic devices to harass and cause emotional distress. There is no evidence that Mr. Bales has attempted to travel to Australia to physically harm X.C. A condition prohibiting Mr. Bales from possessing unauthorized electronic devices and requiring that any authorized devices be subject to monitoring by Pretrial Services—in conjunction with a requirement that he continue mental health treatment to address the source of his underlying conduct—can reasonably assure the safety of X.C. and the community. A requirement that Mr. Bales surrender his passport and travel documents will further assure X.C.'s safety in Australia. While Mr. Bales's recent history of failing to be forthcoming about the extent of his violation of the June 25, 2020 appearance bond is troubling, Mr. Bales has no criminal history or prior involvement with law enforcement, and, while he did so belatedly, he ultimately disclosed his possession of the second laptop, showing a turn to honesty and candor.

      2.  <u>Likelihood of abiding by conditions of release</u>

      Mr. Bales was not forthcoming about the second laptop when he had many opportunities to be, but he was ultimately honest and candid after he was released on December 1, 2020. This honesty and candor lends credibility to his representations that he will act differently and comply with his conditions going forward. Mr. Bales has now spent several months in prison in harsh conditions at the height of the pandemic as a consequence of his lack of candor, an experience which will doubtless serve as a strong incentive to comply in the future. In light of these facts,

ORDER
CR20-0090-JCC
PAGE - 6

the Court cannot conclude that Mr. Bales is unlikely to abide by the conditions of his release.[1]

**III.      CONCLUSION**

For the foregoing reasons, the Court GRANTS Mr. Bales's motion (Dkt. No. 68); GRANTS the Government's motion to file an overlength brief (Dkt. No. 70); ORDERS that Judge Peterson's order of detention is REVOKED; and ORDERS that Mr. Bales shall be released on an appearance bond, subject to the conditions in the December 1, 2020 appearance bond. An appearance bond is attached to this order. Counsel for Mr. Bales is DIRECTED to obtain Mr. Bales's signature or sign on behalf of Mr. Bales and submit the signed document to Judge Coughenour's Courtroom Deputy. Then the Court will promptly sign the appearance bond and file it on the record, thereby formally ordering Mr. Bales's release. The referral to the Magistrate Judge for setting conditions is terminated.

DATED this 4th day of February 2021.

John C. Coughenour
UNITED STATES DISTRICT JUDGE

---

[1] The Government filed a motion for leave to file an overlength opposition brief. (Dkt. No. 70.) Given the lengthy procedural history of this case, the Court finds the request for additional pages reasonable and GRANTS the motion.

 **United States District Court** 
*Western District of Washington*

UNITED STATES OF AMERICA,
vs.

# JOSHUA THOMAS BALES

# APPEARANCE BOND
## CASE No: CR20-090 JCC

I understand that I may be released from custody, pending further proceedings in this case, on the conditions marked below:

- **Court Appearances**. I must appear in court at the *United States Courthouse, 700 Stewart Street, Seattle, Washington*; *Courtroom 16206*, on Tuesday, June 1, 2021 at 9:00 AM and at all other hearings in this case, including turning myself in to begin serving a sentence, should that occasion arise. **I UNDERSTAND THAT A WILLFUL FAILURE TO APPEAR IN COURT AT A TIME SET FOR HEARING IS A SEPARATE CRIMINAL OFFENSE, PUNISHABLE BY UP TO 10 YEARS IMPRISONMENT AND A FINE OF $250,000.**
- **No Law Violations.** I must not commit a federal, state, or local crime during the period of release. I understand that if I commit a felony while on release, my sentence can be increased by a maximum of ten years. If I commit a misdemeanor while on release, my sentence can be increased by a maximum of one year. These sentences would be consecutive to all other applicable sentences.
- **DNA Testing.** I must cooperate in the collection of a DNA sample if the collection is authorized by 42 U.S.C. § 14135a.
- **No Controlled Substances.** I must not use, consume or possess any controlled substances, including medication, unless prescribed by a physician and approved in advance by the Pretrial Services Officer.
- **Address.** I must furnish my attorney, and/or Pretrial Services if supervised, with my current address and telephone number (if any) where I will reside upon release and where I will receive any notices of hearing dates. I must report any changes in that address or telephone number to my attorney, and/or Pretrial Services if supervised, within one business day.
- **Restrictions on Travel.** I must not travel outside the Continental United States or as directed by Pretrial Services
- **Victim and Witness Protection.** I must not harass, threaten, intimidate, tamper with, improperly influence, or injure the person or property of witnesses, jurors, informants, victims of crime, judicial officers, or other persons related to official proceedings before the Court, in violation of 18 U.S.C. § 1503, 1512, and 1513.
- **Pretrial Supervision.** I am subject to Pretrial Services supervision by the Pretrial Services Office of the Court and must abide by such of the general and special conditions of release as that office shall impose. I must report to the Office of Pretrial Services, (206) 370-8550, United States Courthouse, 700 Stewart Street, Seattle, Washington within 24 hours of my release unless released during a weekend or on a holiday in which case I must report at 9:00 a.m. the following court day.


**OTHER SPECIAL CONDITIONS:**

- Submit to drug and alcohol testing, to include urinalysis, breathalyzer, or hand-held testing devices, as directed by Pretrial Services. You shall not use, consume, or possess alcohol, any product containing alcohol, or other intoxicants, including medication, unless prescribed to you by a physician and under the direction of Pretrial Services. Obtain an alcohol/substance abuse evaluation and follow any treatment recommendations as directed by Pretrial Services. You shall participate as directed in a program approved by the probation and pretrial services office for treatment of narcotic addiction, drug dependency, or substance abuse, which may include testing to determine if the defendant has reverted to the use of drugs or alcohol.
- Travel is restricted to the Western District of Washington, or as directed by Pretrial Services.
- Surrender all current and expired passports and travel documents to the court. Do not apply for/obtain a new passport or travel document from any country without permission of the court. If the surrendered passport is a foreign passport, it shall be forwarded to Immigration and Customs Enforcement if defendant is convicted of an offense, unless otherwise ordered by the Court.
- You are prohibited from possessing or having access to firearms and dangerous weapons. All firearms and dangerous weapons must be removed from your residence(s), vehicle(s), and place of employment. This condition operates in conjunction with any restrictions imposed under Title 18, USC 922, and the Washington State Revised Code, Chapter 9.41.
- Undergo a mental health, psychiatric or psychological evaluation and follow all treatment recommendations in that evaluation, as directed by Pretrial Services. You shall take all medications as prescribed.
- The defendant shall not use, possess or have access to a computer or computer components (functional or non-functional), including but not limited to hard drives, external storage devices, keyboards, and mouse, at the defendant's residence, place of employment, private homes, libraries, schools, or other public locations, without prior approval of Pretrial Services. In addition, the defendant shall not use, possess, or have access to PDA's, gaming systems, and Internet enabled TV devices, nor access the internet through use of a cellular phone device. The defendant shall not access the internet, or private or public computer networks, or not have others do so on his/her behalf, without prior approval of Pretrial Services. The defendant hereby consents to U.S. Pretrial Services' use of electronic detection devices to evaluate the defendant's access to WiFi (wireless fidelity) connections.

JOSHUA THOMAS BALES                                                        CR20-090 JCC

- Maintain employment, or, if unemployed, actively seek employment as directed by Pretrial Services.
- You must contribute towards the costs of the services required by this bond, to the extent you are financially able to do so, as determined by Pretrial Services.
- The defendant shall comply with the requirements of the U.S. Probation and Pretrial Services Computer Monitoring Program as directed. The defendant shall consent to the U.S. Probation and Pretrial Services Office conducting ongoing monitoring of his/her computer(s), hardware, and software, and any/and all electronic devices/media.
  The monitoring will include the installation, at the defendant's expense, of hardware or software systems that allow evaluation of his/her computer use. Monitoring may also include the retrieval and copying of all data from his/her computer(s) or any/and all other electronic devices/media. The defendant may be subject to quarterly polygraph testing at his/her expense, solely to ensure compliance with the requirements of the monitoring program. The defendant hereby consents to U.S. Probation and Pretrial Services' use of electronic detection devices to evaluate the defendant's access to Wi-Fi (wireless fidelity) connections.
- You shall not have direct contact or indirect contact with any existing and/or future witnesses in this case.
- The defendant shall abide by all federal, state, and local directives regarding the COVID-19 pandemic.

**AGREEMENT BY DEFENDANT:** I understand and agree to comply with every condition marked above, and I understand that if I fail to comply with any conditions of my release, the Court will immediately issue a warrant for my arrest, and I will be subject to a revocation of release, an order of detention, and prosecution for contempt of court. I understand this appearance bond remains in effect during any proceeding on appeal or review.

| **X** | **February 4, 2021** | **Seattle, WA** |
|---|---|---|
| Signature | Date Signed | City, State of Residence |

## ORDER OF RELEASE

It is therefore ORDERED:
(1) Defendant shall comply with all conditions of this appearance Bond;
(2) Defendant shall be released from custody, and shall remain at liberty so long as he or she complies with the provisions of this Appearance Bond, or until further order of the Court.

| **February 4, 2021** | |
|---|---|
| Date Signed | John C. Coughenour |
| | UNITED STATES DISTRICT JUDGE |

*cc: Defendant, Defense Counsel, U.S. Attorney, U.S. Marshal, Pretrial Services*