THE HONORABLE JOHN C. COUGHENOUR

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| UNITED STATES OF AMERICA, | CASE NO. CR20-0090-JCC |
| Plaintiff, | ORDER |
| v. | |
| JOSHUA THOMAS BALES, | |
| Defendant. | |

This matter comes before the Court on Defendant Joshua Thomas Bales's motion to dismiss (Dkt. No. 73). Having thoroughly considered the parties' briefing and the relevant record, the Court finds oral argument unnecessary and hereby DENIES the motion for the reasons explained herein.

I.      BACKGROUND

The COVID-19 pandemic has presented the courts with unprecedented challenges—among them, determining how to conduct jury trials without gravely endangering public health and safety and without violating a criminal defendant's right to be tried by a jury drawn from a fair cross section of the community. Beginning on March 6, 2020, Chief Judge Martinez issued a series of General Orders modifying courthouse operations in light of local conditions related to COVID-19 and suspending criminal jury trials in the Western District of Washington. *See* W.D. Wash. General Order Nos. 01-20, 02-20, 07-20, 08-20, 11-20, 13-20, 15-20, 18-20. Most

1  recently, Chief Judge Martinez issued an order extending the Court's modified operations

2  through March 31, 2021 based on rising infection rates and the fact that most potential jurors will

3  not be fully vaccinated against COVID-19 for months. W.D. Wash. General Order No. 18-20 at

4  1 (Dec. 30, 2020).

5       Defendant Joshua Thomas Bales has been charged by indictment with one count of

6  cyberstalking and five counts of making interstate threats. (Dkt. No. 15.) The Government

7  alleges that over the last two years, Mr. Bales sent his ex-girlfriend, X.C., hundreds of harassing

8  and degrading e-mails threatening to "destroy" her, injure her, and harm her reputation. (*Id.*) Mr.

9  Bales was indicted on July 24, 2020, (*id.*), and trial was scheduled for September 14, 2020, (Dkt.

10  No. 19).

11       Ten days before the scheduled trial date, Chief Judge Martinez issued an order extending

12  the Court's modified operations because "[i]n-person trials continue to present an unacceptable

13  public health risk" and

> [t]he Court continues to find that, due to the current inability to obtain an adequate spectrum of jurors and the effect of the . . . public health situation on the availability of witnesses, counsel, and Court staff to be present in the courtroom, the time period of the continuances implemented by this General Order will be excluded under the Speedy Trial Act, as the Court finds that the ends of justice served by ordering the continuances outweigh the best interests of the public and any defendant's right to a speedy trial, pursuant to 18 U.S.C. § 3161(h)(7)(A).

20  *Id.* at 3. Later that day, the Government moved to continue Mr. Bales's trial until at least

21  December 2020 due to the courthouse closure and the challenges of arranging for X.C. to travel

22  from Australia to testify during the pandemic. (*See generally* Dkt. No. 22.) The Australian

23  government had prohibited international travel without prior authorization, and even if

24  authorization was obtained, long-distance air travel during the pandemic posed health risks to

25  X.C. and others. (*Id.* at 3.) Given the logistical challenges and health concerns associated with

26  international travel, the Government argued that it was important to schedule the trial for a date

1  when it would be safe to travel internationally and to impanel a jury. (*Id.* at 4.)

2  On September 10, 2020, the Court vacated the September 14, 2020 trial based on General

3  Order 13-20 and did not set a new trial date at that time. (Dkt. No. 23.) In November, the Court

4  directed the parties to appear for a status conference on December 1, 2020 to set a new trial date.

5  (Dkt. No. 40 at 2.) The Court also entered on the record its finding that the period of time from

6  the original trial date to the date of the status conference was excludable under the Speedy Trial

7  Act because the ends of justice served by continuing trial outweighed the best interests of the

8  public and Mr. Bales in a speedy trial. (*Id.* (citing 18 U.S.C. § 3161(h)(7)(A)).) The Court found

9  the pandemic necessitated a trial continuance because of the difficulty of obtaining an adequate

10  spectrum of jurors to represent a fair cross section of the community as well as the inability of

11  jurors, witnesses, counsel, and Court staff to be present in the courtroom. (*Id.* at 1–2.) Failing to

12  grant a continuance would make an in-person trial at which Mr. Bales could exercise his right to

13  confrontation impossible and thus would result in a miscarriage of justice. (*Id.* at 2 (citing 18

14  U.S.C. § 3161(h)(7)(B)(i)).)

15  At the December 1 status conference, the Court heard from counsel and set trial for

16  March 1, 2021. (Dkt. Nos. 44, 59.) The Court memorialized its findings in a written order on

17  December 7, 2020, excluding the period from September 10, 2020 through March 1, 2021 under

18  18 U.S.C. § 3161(h)(7)(A) because the pandemic made it unlikely that a fair or safe trial could

19  proceed any earlier. (Dkt. No. 59 at 2 (citing 18 U.S.C. § 3161(h)(7)(b)(i)).) In so concluding, the

20  Court took into account the increasing COVID-19 infection rate, the imposition of new state and

21  local restrictions on business operations and social gatherings, and the fact that government

22  restrictions on overseas travel could impact the ability of the alleged victim, a Chinese citizen

23  who resides in Australia, to travel to the district to testify. (*Id.* at 1–2.)

24  Mr. Bales moves to dismiss, arguing the Speedy Trial Act has been violated because

25

26

ORDER
CR20-0090-JCC
PAGE - 3

1    more than 70 days of unexcused time has elapsed since his indictment. (Dkt. No. 73 at 1.)[1]

2    **II.**     **DISCUSSION**

3        1.   <u>Motion to Dismiss</u>

4        The Speedy Trial Act generally requires a criminal defendant to be brought to trial within

5    70 days of his or her initial appearance or indictment. 18 U.S.C. § 3161(c)(1). Mindful of the

6    need for flexibility, Congress set forth several mechanisms for excluding time from the 70-day

7    period. *See* 18 U.S.C. § 3161(h); *Zedner v. United States*, 547 U.S. 489, 497 (2006) ("[T]he Act

8    recognizes that criminal cases vary widely and that there are valid reasons for greater delay in

9    particular cases."). The Act includes a list of automatic exclusions for delays resulting from

10    pretrial proceedings, the absence or unavailability of a defendant or essential witness,

11    interlocutory appeals, and other similar causes. *See* 18 U.S.C. § 3161(h)(1)–(7). The Act also

12    permits the court to continue a trial and exclude the resulting delay from the speedy trial period

13    when it finds that "the ends of justice served by taking such action outweigh the best interest of

14    the public and the defendant in a speedy trial." *Id.* § 3161(h)(7)(A).

15        In determining whether to grant an ends-of-justice continuance, the Court must consider

16    several factors, including "whether the failure to grant such a continuance would be likely to

17    make a continuation of such proceeding impossible, or result in a miscarriage of justice." *Id.*

18    § 3161(h)(7)(B)(i)–(iv). The Court must "set forth, in the record of the case, either orally or in

19    writing, its reasons for finding that the ends of justice [would be] served" by granting the

20    excludable delay. *United States v. Frey*, 735 F.2d 350, 352 (9th Cir. 1984). Although the Court

21

---

22    [1] Mr. Bales also moves to dismiss on the ground that his right to a speedy trial under the Sixth

23    Amendment has been violated. (Dkt. No. 73 at 1, 7.) In determining whether an accused's constitutional right to a speedy trial has been violated, the Court applies a balancing test and

24    considers (1) the length of the delay; (2) the reason for the delay; (3) whether, when, and how a defendant asserted his right to a speedy trial; and (4) whether a defendant was prejudiced by the

25    delay. *Doggett v. United States*, 505 U.S. 647, 651 (1992) (citing *Barker v. Wingo*, 407 U.S. 514 (1972)). Mr. Bales makes no argument as to why the Court should find a constitutional violation

26    under this standard, and so the Court declines to consider his constitutional challenge.

1    must consider the statutory factors at the time it grants the continuance, simultaneous on-the-

2    record findings are "unnecessary so long as the trial court later shows that the delay was

3    motivated by proper considerations." *United States v. Bryant*, 726 F.2d 510, 511 (9th Cir. 1984).

4        Mr. Bales argues the 70-day speedy trial period has elapsed because the time from

5    September 10, 2020 to March 1, 2021 is not properly excludable as an ends-of-justice

6    continuance. (*See generally* Dkt. No. 73.) First, he argues the Court did not contemporaneously

7    consider the statutory factors when it continued the September 14, 2020 trial date. (*Id.* at 4–5.)

8    Specifically, he likens his case to *United States v. Frey*, where the Ninth Circuit held that a

9    district court that had miscalculated the speedy trial period could not later justify the unwitting

10   delay by entering a *nunc pro tunc* order excusing the delay as an ends-of-justice continuance.

11   (Dkt. No. 73 at 5 (citing *Frey*, 735 F.2d at 353).)

12       While the better practice would have been for the Court to enter its detailed ends-of-

13   justice findings contemporaneous with the September 10, 2020 continuance, it is evident from

14   the record and the Court's citation to General Order 13-20 that the continuance was based on a

15   consideration of the proper statutory factors. This is not a circumstance like in *Frey* where the

16   Court's ends-of-justice orders attempted to justify an unwitting delay or a delay motivated by

17   improper considerations. The Court's orders setting forth its findings on the record amply justify

18   excluding the period from September 10, 2020 to March 1, 2021.

19       Second, Mr. Bales argues the continuance was improper because the Court vacated the

20   September 14, 2020 jury trial without setting a new trial date. (Dkt. No. 73 at 6.) Mr. Bales relies

21   on *Furlow v. United States*, where the Ninth Circuit upheld an ends-of-justice continuance

22   resulting from the eruption of Mt. St. Helens, in part, because the district court set a specific trial

23   date. 644 F.2d 764, 769 (9th Cir. 1981). While *Furlow* also involved a continuance necessitated

24   by a public emergency, the nature of the COVID-19 pandemic and its effect on the Court's

25   ability to conduct safe and fair jury trials is unprecedented. Vacating the trial date, and then

26   setting a status conference at which to determine when a jury trial would be possible and whether

ORDER
CR20-0090-JCC
PAGE - 5

1   the ends of justice warranted excluding the additional time until then from the speedy trial clock,

2   was not unreasonable under the circumstances. Accordingly, the Court DENIES Mr. Bales's

3   motion to dismiss.[2]

4       2.   Additional Continuance

5       Trial is presently scheduled for March 1, 2020. (Dkt. No. 59.) At a status conference on

6   February 3, 2021, the Court and the parties addressed the need to further continue the trial date

7   because our state and our district are still significantly impacted by COVID-19. (Dkt. No. 78.)

8   Over the last several months, the daily number of positive cases, hospitalizations, and deaths

9   have significantly increased. *See* W.D. Wash. General Order 18-20 at 1 (Dec. 30, 2020). A more

10  highly contagious strain of the virus has also started spreading in King County. *See*

11  https://www.kingcounty.gov/depts/health/covid-19.aspx. While a statewide vaccination effort is

12  underway, it is unlikely that most potential jurors will be fully vaccinated in the immediate

13  future. *See* W.D. Wash. General Order 18-20 at 2 (Dec. 30, 2020). Public health guidance

14  continues to impact the ability of jurors, witnesses, counsel, and Court staff to be present in the

15  courtroom, and continues to make it difficult, if not impossible, for the Court to obtain an

16  adequate spectrum of jurors to represent a fair cross section of the community. The Court finds

17  that proceeding with trial earlier than June 1, 2021 is likely impossible. *See* 18 U.S.C. §

18  3161(h)(7)(B)(i). The Court therefore FINDS the ends of justice served by continuing trial to

19  June 1, 2021 outweigh the public and Mr. Bales's interests in a speedy trial under 18 U.S.C. §

20  3161(h)(7)(A).

21  //

22  //

23  //

24

25  [2] Because the Court finds the period from September 10, 2020 to March 1, 2021 to be properly
    excluded from the speedy trial period, the Court need not address the periods that were also
26  excluded under one of the enumerated exceptions.

ORDER
CR20-0090-JCC
PAGE - 6

1

**III.    CONCLUSION**

2          For the foregoing reasons, the Court DENIES the motion to dismiss (Dkt. No. 73) and

3   further ORDERS:

4          1.  Trial is CONTINUED to June 1, 2021 at 9:30 a.m.

5          2.  The pretrial motions deadline is April 20, 2021.

6          3.  The period of time between the date of this Order and the new trial date is an

7              excludable time period under 18 U.S.C. § 3161(h)(7)(A).

8          DATED this 5th day of February 2021.

9

10

11

12                                         John C. Coughenour
                                            UNITED STATES DISTRICT JUDGE

13

14

15

16

17

18

19

20

21

22

23

24

25

26

ORDER
CR20-0090-JCC
PAGE - 7