THE HONORABLE JOHN C. COUGHENOUR

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| UNITED STATES OF AMERICA, | CASE NO. CR20-0090-JCC |
| Plaintiff, | ORDER |
| v. | |
| JOSHUA THOMAS BALES, | |
| Defendant. | |

This matter comes before the Court on the Government's motion to continue the trial date (Dkt. No. 97). Having thoroughly considered the motion and the relevant record, the Court hereby GRANTS the motion for the reasons explained below.

I.   **BACKGROUND**

On July 24, 2020, a grand jury indicted Mr. Bales for cyberstalking and making interstate threats. (Dkt. No. 15.) The alleged victim is his ex-girlfriend, X.C., who is a Chinese Citizen living in China. (Dkt. No. 97 at 1.) The Government indicates that X.C. lost her passport and the Chinese government has yet to approve her application for a replacement. (*Id.*) It alleges this delay is due in part to China's efforts to mitigate the spread of COVID-19, and prevents X.C. from traveling to the United States for the trial in this matter. (*Id.*)

The Government therefore requests a six-month continuance of this trial to allow additional time for the Chinese government to issue a replacement passport, for pandemic

conditions to approve, and for China to relax its travel restrictions. (*Id.* at 2.) Should the Chinese government issue X.C.'s replacement passport before the six-month period ends, the Government asserts that it will contact Defense Counsel and be prepared to try the case as soon as the Court's schedule allows. (Dkt. No. 97 at 2.)

In response, Mr. Bales argues that "the Government's Motion is incomplete, that the length of continuance requested is excessively long, and that if the motion is granted Defendant Bales' conditions of release should be modified." (Dkt. No. 98 at 1.)

Mr. Bales is presently on pretrial release under the supervision of the U.S. Probation and Pretrial Services ("Probation") office in Atlanta, Georgia, where Mr. Bales resides with his parents. (Dkt. No. 88 at 2.) Mr. Bales's appearance bond prohibits him from using, possessing, or accessing a computer, computer components, or the internet without prior approval of Probation. (Dkt. No. 3 at 1.) The Court previously modified his conditions of supervision to allow Probation to authorize him to have limited access to review discovery and meet with counsel, the defense team, and defense experts via video conferencing on his parents' computer. (Dkt. No. 90, 93.) He requests that his conditions of release be modified to specifically allow him to obtain employment that includes the use of computers and computing devices, as well as the possession of a Probation-monitored smartphone. (Dkt. No. 98 at 3.)

The Government counters that its pleadings are pleadings are sufficient to establish X.C.'s unavailability, and that six months "is a reasonable estimate of the length of time it will take for the United States to request travel authorization from China through formal diplomatic channels, and for China to respond." (Dkt. No. 99 at 2.) It does not oppose Mr. Bales's requested modifications to his terms of release. (*Id.*)

Having thoroughly considered the briefing and the relevant record, the Court FINDS that the ends of justice served by granting a continuance outweigh Defendant's and the public's interests in a speedy trial. *See* 18 U.S.C. § 3161(h)(7)(A). The reasons for this finding are:

1. The Government's essential witness, X.C., is "unavailable" within the meaning of 18

U.S.C. § 3161(h)(3)(A) because her whereabouts are known but her presence for trial cannot be obtained by due diligence, and therefore the period of delay is excludable from the time within which the trial must commence. *See* 18 U.S.C. § 3161(h)(3)(B).

2. Taking into account the exercise of due diligence, a failure to grant a continuance would deny the Government the reasonable time necessary for effective preparation. *See* 18 U.S.C. § 3161(h)(7)(B)(iv).

3. Considering the balance of interests, including the availability of an essential Government witness and the mitigation of Defendant's interests from a modification of his conditions of release, failure to grant a continuance would likely result in a miscarriage of justice. *See* 18 U.S.C. § 3161(h)(7)(B)(i).

Accordingly, the Court ORDERS as follows:

a) The Government's motion (Dkt. No. 97) is GRANTED.

b) The January 10, 2022 jury trial is CONTINUED to July 18, 2022.

c) The pretrial motions deadline is CONTINUED until June 7, 2022.

d) The Government is further ORDERED to update the Court and Defense Counsel should its witness receive her passport prior to the new trial date.

e) The conditions of Mr. Bales's release are MODIFIED to authorize Mr. Bales to obtain employment that includes the use of computers and computing devices, as well as the possession of a Probation-monitored smartphone.

The period from the date of this order until July 18, 2022 is an excludable period under 18 U.S.C. § 3161(h)(7)(A).

DATED this 13th day of December 2021.

John C. Coughenour
UNITED STATES DISTRICT JUDGE