THE HONORABLE JOHN C. COUGHENOUR

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>            Plaintiff,<br><br>    v.<br><br>JOSHUA THOMAS BALES,<br><br>            Defendant. | CASE NO. CR20-0090-JCC<br><br>ORDER |

This matter comes before the Court on the Government's motion to continue the trial date (Dkt. No. 104). Having thoroughly considered the motion and the relevant record, the Court hereby GRANTS the motion for the reasons explained below.

## I.     BACKGROUND

On July 24, 2020, a grand jury indicted Mr. Bales for cyberstalking and making interstate threats. (Dkt. No. 15.) The alleged victim, X.C., is a Chinese Citizen living in China. (Dkt. No. 97 at 1.) The parties have each previously requested several continuances of the trial date. (*See* Dkt. Nos. 22, 85, 94, 97.) Most recently, the Government requested a six-month continuance while it worked with the Chinese government to get X.C.'s application for a replacement passport approved. (Dkt. No. 97 at 2.) The Court granted the motion and modified the conditions of Mr. Bales's pretrial release, authorizing him to use computer devices at work and possess a Probation-monitored smartphone. (*See* Dkt. No. 100.)

The Government now moves for a further continuance to October 3, 2022,[1] as it continues to navigate the "complex diplomatic and bureaucratic process" of obtaining X.C.'s passport. (Dkt. No. 104 at 4.) Mr. Bales opposes the continuance, citing defense counsels' scheduling conflicts, the stress of this legal proceeding on Mr. Bales, and a perceived deficiency in the Government's documentation of the process to obtain X.C.'s passport. (*See* Dkt. No. 107.)

## II.   DISCUSSION

The Speedy Trial Act generally requires a criminal defendant to be brought to trial within 70 days of his initial appearance or indictment. 18 U.S.C. § 3161(c)(1). But "[a]ny period of delay resulting from the absence or unavailability of the defendant or an essential witness" is automatically excludable for purposes of the Act. *See* 18 U.S.C. § 3161(h)(3)(A); *Bloate v. United States*, 559 U.S. 196, 208 (2010) (noting the "automatic exclusion of delays" under subparagraph (h)). An essential witness is "unavailable" under the Act when her whereabouts are known but her presence for trial cannot be obtained by due diligence. 18 U.S.C. § 3161(h)(3)(B). The Government has the burden of proving the delay is excludable under section 3161(h)(3). *United States v. Medina*, 524 F.3d 974, 980 n.3 (9th Cir. 2008) (citing 18 U.S.C. § 3161(a)(2)).

The Court has previously identified X.C. as an essential witness. (Dkt. No. 100 at 2.) As the sole alleged victim, she is "so essential to the proceeding that continuation without [her] would either be impossible or would likely result in a miscarriage of justice." S. Rep. No. 1021, 93d Cong., 2d Sess. 37 (1974) (describing what constitutes an "essential witness" under the statute). So then, whether a further three-month delay is excludable depends on whether the Government has met its burden to show due diligence to obtain her presence at trial. *See* 18 U.S.C. § 3161(h)(3)(B). The Court finds that it has for the reasons explained below.

Due diligence requires "reasonable" efforts on the Government's part to bring the witness to trial. *United States v. Morales*, 2021 WL 4906983, slip op. at 3 (D. Mont. 2021) (citing *United*

---

[1] The Government initially requested a trial date of October 31, 2022, (Dkt. No. 104 at 5) but amended its request to accommodate defense counsels' schedules. (Dkt. No. 108 at 3.)

ORDER
CR20-0090-JCC
PAGE - 2

*States v. Burrell*, 634 F.3d 284, 290 (5th Cir. 2011)). In his affidavit, special Agent Matthew Zito details continued diplomatic efforts and communications with Chinese officials since the Court continued the trial date. (Dkt. No. 104-1 at 3–5.) On May 25, 2022, China's Ministry of Justice requested certain assurances from the Government related to X.C.'s involvement in the trial. (*Id.* at 5.) These communications evidence the ongoing nature of the approval process and constitute a reasonable effort to make X.C. available for trial.

Further, X.C. has always "maintained her willingness and desire to travel to the U.S. and testify as a witness in this case." (*Id.*) There is no evidence the Government would be unable to obtain her testimony but for the uniquely burdensome travel approval process at issue.

Having thoroughly considered the briefing and the relevant record, the Court FINDS that the ends of justice served by granting a continuance outweigh Defendant's and the public's interests in a speedy trial. *See* 18 U.S.C. § 3161(h)(7)(A). The reasons for this finding are:

1. The Government's essential witness, X.C., is still "unavailable" within the meaning of 18 U.S.C. § 3161(h)(3)(A)–(B).
2. Taking into account the exercise of due diligence, a failure to grant a continuance would deny the Government the reasonable time necessary for effective preparation. *See* 18 U.S.C. § 3161(h)(7)(B)(iv).
3. Considering the balance of interests, including the availability of an essential Government witness and the mitigation of Defendant's interests through pretrial release, failure to grant a continuance would likely result in a miscarriage of justice. *See* 18 U.S.C. § 3161(h)(7)(B)(i).

### III. CONCLUSION

Accordingly, the Court ORDERS as follows:

a) The Government's motion (Dkt. No. 104) is GRANTED.
b) The July 18, 2022 jury trial is CONTINUED to October 3, 2022.
c) The pretrial motions deadline is CONTINUED until September 3, 2022.

1  d) The Government is further ORDERED to provide a status report regarding the
2     availability of X.C.'s passport 45 days prior to the new trial date. It shall update the Court
3     and Defense Counsel should its witness receive her passport at any time prior to the new
4     trial date.
5  e) The period from the date of this order until October 3, 2022, is an excludable period
6     under 18 U.S.C. § 3161(h)(7)(A).
7     DATED this 14th day of June 2022.

John C. Coughenour
UNITED STATES DISTRICT JUDGE