THE HONORABLE JOHN C. COUGHENOUR

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>JOSHUA THOMAS BALES,<br><br>Defendant. | CASE NO. CR20-0090-JCC<br><br>ORDER |

This matter comes before the Court on Defendant's ("Mr. Bales") motion for early termination of supervised release (Dkt. No. 142), and the Government's related motion to seal (Dkt. No. 146). Having thoroughly considered the parties' briefing and the relevant record, the Court DENIES the motion for early termination (Dkt. No. 142) and GRANTS the motion to seal (Dkt. No. 146) for the reasons explained herein.

I.     BACKGROUND

In 2022, Mr. Bales pled guilty to cyberstalking under 18 U.S.C. §§ 2261A(2)(A)–(B). (*See generally* Dkt. Nos. 121, 125.) Pursuant to the United States Sentencing Guidelines Manual, Probation and Pretrial Services ("Probation") calculated the final sentencing range of Mr. Bales' offense to be incarceration for 24 to 30 months. (Dkt. No. 128 at 1.) Nevertheless, Probation recommended a sentence of time served, followed by three years of supervised release. (*See id.*) The Court agreed and followed said recommendation. (Dkt. No. 138 at 2–3.) Supervised release

commenced in January 2023. (*Id*. at 1.)

Mr. Bales now seeks early termination, having completed a little over two-thirds of his supervised release. (Dkt. No. 142 at 1.) The Government opposes the request. (*See generally* Dkt. No. 144.)

## II.  DISCUSSION

### A.  Motion for Early Termination

The Court may terminate a defendant's period of supervised release any time after one year of supervision "if it is satisfied that such action is warranted by the conduct of the defendant released and the interest of justice." 18 U.S.C. § 3583(e)(1).

In deciding whether early termination is appropriate, the Court must consider several factors, including the nature and circumstances of the offense, the history and characteristics of the defendant, the need to deter criminal conduct, the need to protect the public from further crimes, the kind of sentence and sentencing range established by the Sentencing Commission, and the need to avoid disparity among similarly situated defendants. *See* 18 U.S.C. § 3583(e) (referencing factors listed in 18 U.S.C. § 3553(a)); *see also United States v. Emmett*, 749 F.3d 817, 820 (9th Cir. 2014).

Mr. Bales puts forth various justifications for early termination. For instance, he contends that by completing two-thirds of his supervision without any violations, significantly improving his mental health, and building a robust support network, he is entitled to early termination. (*See* Dkt. Nos. 143 at 1–2, 154 at 2–3.) He also cites a desire to relocate from Georgia to Washington to be closer to his wife's family and describes his difficulty in achieving this goal while under supervision. (*See* Dkt. Nos. 143 at 1, 154 at 4.)

While the Court commends Mr. Bales for his achievements and sympathizes with his desire to relocate without the inconveniences of supervision, such circumstances still do not warrant early termination. In fact, the factors enumerated in 18 U.S.C. § 3583(e) and 18 U.S.C. § 3553(a) counsel the Court to conclude otherwise. Defendant received a particularly lenient

sentence. Indeed, though Mr. Bales' offense warranted a sentencing range of 24 to 30 months, the Court only sentenced him to time served. Said differently, Mr. Bales' sentence was not only within the guideline range but in fact *below* it. In turn, the Court imposed a three-year term of supervised release to reflect the serious nature and circumstances of Mr. Bales' underlying offense. As such, a sentence of three years' supervision (and the inconveniences that accompany it) was, and continues to be, in the interest of justice. The Court therefore DENIES Mr. Bales' motion for early termination.

B.   **Motion to Seal**

The Government moves to seal the victim's impact statement due to her privacy concerns. (*See generally* Dkt. No. 146.) While the public has a right to inspect and copy public records, including those from judicial proceedings, this right is not absolute. *See United States v. Doe*, 870 F.3d 991, 998 (9th Cir. 2017). It must yield when sealing a document serves a compelling interest that is substantially likely to be harmed if the document is not sealed and there are no less restrictive alternatives for protecting the interest. *Id.* Given the nature of the information contained in the victim's impact statement (Dkt. No. 147) and the victim's privacy concerns, these criteria are met here.

Accordingly, the Court GRANTS the Government's motion to seal.

III.  **CONCLUSION**

For the foregoing reasons, the Court DENIES Mr. Bales' motion for early termination of supervised release (Dkt. No. 142) and GRANTS the Government's motion to seal (Dkt. No. 146). The Clerk is DIRECTED to maintain Docket Number 147 under seal.

DATED this 30th day of April 2025.

John C. Coughenour
UNITED STATES DISTRICT JUDGE